IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TIMOTHY JAMES SCHULENBURG,

Plaintiff,

v.

NAVIENT,

Defendant.

ORDER

15-cv-150-jdp

Pro se plaintiff Timothy Schulenburg has filed a complaint against a loan servicing company, defendant Navient (which has answered and indicated that its name is actually Navient Solutions, Inc.). Plaintiff alleges that Navient wrongfully refused to separate a consolidated spousal loan. Dkt. 1. Before I can address the merits of plaintiff's claims, I must direct the parties to address a threshold issue: subject matter jurisdiction.[1]

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party seeking to invoke federal jurisdiction (in this case, plaintiff) bears the burden of establishing jurisdiction. *Smart*, 562 F.3d at 802-03.

---

[1] Navient has filed a motion for judgment on the pleadings. Dkt. 10. The motion is fully briefed, but I cannot address it until I confirm a basis for exercising subject matter jurisdiction over this case.

Plaintiff alleges that he and his ex-wife each incurred student loan debt before they were married. They consolidated these loans after getting married, but they have since divorced. Plaintiff now alleges that Navient has wrongfully refused to separate the loans. This appears to be a breach of contract claim, which would arise under state law, not federal law. Navient is an offshoot of Sallie Mae, which began as a government-sponsored entity. But this does not automatically transform plaintiff's suit into one arising under federal law for purposes of federal question jurisdiction under 28 U.S.C. § 1331. At this point, plaintiff's complaint does not present a federal question, and so he must demonstrate that diversity jurisdiction exists.[2]

Under 28 U.S.C. § 1332(a)(1), federal district courts have jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. Plaintiff alleges that he resides in Wisconsin Dells, Wisconsin. Dkt. 1, at 1. Although domicile—the place of one's permanent home—is what matters for citizenship, not residence, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), I must construe plaintiff's allegations liberally, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam). I will therefore assume that plaintiff is domiciled in, and thus a citizen of, Wisconsin. But if plaintiff is domiciled elsewhere, then he should indicate that in his future submissions.

---

[2] Suits against Sallie Mae (and thus, Navient) are not suits against the United States. *Ammedie v. Sallie Mae, Inc.*, 485 F. App'x 399, 402-03 (11th Cir. 2012) ("[T]he court did not have subject matter jurisdiction through 28 U.S.C. § 1346 . . . because no precedent establishes that Sallie Mae is considered to be the United States for the purposes of that provision."). And even if they were, this case involves claims for more than $10,000, which means that the Court of Federal Claims, not this court, would have exclusive jurisdiction. 28 U.S.C. § 1491; *Columbus Reg'l Hosp. v. Fed. Emergency Mgmt. Agency*, 708 F.3d 893, 896 (7th Cir. 2013).

Plaintiff alleges that Navient has a PO Box in Wilkes-Barre, Pennsylvania. Dkt. 1, at 1. But Navient appears to be a corporation. *See* Dkt. 6. Thus, Navient is a citizen of its state of incorporation and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). I can infer from plaintiff's complaint that Navient has a connection to, and might be a citizen of, Pennsylvania. But plaintiff has not adequately alleged Navient's state of incorporation and principal place of business.

Even if plaintiff and Navient are citizens of different states, the amount in controversy does not appear to exceed $75,000. "[A] plaintiff's good-faith estimate of the stakes controls unless it is legally impossible for a court to award what the plaintiff demands." *McCormick v. Indep. Life & Annuity Co.*, 794 F.3d 817, 818 (7th Cir. 2015). Here, plaintiff alleges that he is responsible for the entire consolidated debt of $100,000. Dkt. 1, at 2. But he also alleges that his share of the loans is about $35,000. *Id.* This means that the controversy in this case is whether plaintiff should be responsible for the remaining $65,000, which is below the jurisdictional threshold. *Cf. Heller v. Sallie Mae, Inc.*, No. 09-cv-0573, 2009 WL 1748727, at *1 (E.D. Cal. June 19, 2009) (diversity jurisdiction existed when plaintiff disputed nine loans totaling about $81,000 at the time he filed suit).

I would ordinarily require plaintiff to address these jurisdictional deficiencies in an amended complaint because he is the party invoking this court's jurisdiction. But because plaintiff is a pro se litigant, and because Navient has expressed a desire to have this case resolved on the merits, I will instead direct *both* parties to brief the issue of whether this case should be dismissed for lack of jurisdiction. In their briefs, the parties must address: (1) whether this case arises under federal law; (2) whether the parties are citizens of different

states; and (3) whether the amount in controversy in this case exceeds $75,000. Both sides must file their briefs within 14 days of this Order.

ORDER

IT IS ORDERED that the parties may have until March 18, 2016, to file briefs addressing whether this court has subject matter jurisdiction over this case.

Entered March 4, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge