IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY JAMES SCHULENBURG,

                Plaintiff,

   v.                                                     ORDER

NAVIENT,                                             15-cv-150-jdp

                Defendant.

---

      On March 4, 2016, I directed the parties to address whether I must dismiss this case for lack of subject matter jurisdiction. Dkt. 19. I indicated that pro se plaintiff Timothy Schulenburg's claims did not appear to arise under federal law for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331. I also indicated that plaintiff had not pleaded defendant Navient's citizenship and an amount in controversy that exceeded $75,000 for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332.

      Both parties have responded to my order. Navient contends that I do not have subject matter jurisdiction, and it asks that I dismiss this case. Dkt. 20. Plaintiff disagrees, asking me to proceed to the merits of his claims. Dkt. 21 and Dkt. 22. I must construe plaintiff's allegations generously because he is proceeding pro se. *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam). Under this liberal standard, I conclude that although plaintiff's jurisdictional allegations are not perfect, he has properly invoked this court's diversity jurisdiction.

      In my previous order, I explained that Navient is a corporation, and thus a citizen of its state of incorporation and the state in which it has its principal place of business. Dkt. 19, at 3 (citing 28 U.S.C. § 1332(c)(1)). I also explained that plaintiff's allegations about

Navient's PO Box in Pennsylvania were not sufficient to establish Navient's citizenship. *Id.* In responding to my March 4 order, plaintiff merely repeats his earlier assertion: "Navient Solutions, Inc. currently resides at Navient P.O. Box 9533 Wilkes-Barre, PA 18773-9533 where they accept mail. Navient does business throughout the United States." Dkt. 21, at 1; *see also* Dkt. 22, at 1 ("NSI resides at Navient P.O. Box 9500 Wilkes-Barre, PA 18773-9500 per there [sic] published website."). But Navient does not dispute that the parties are diverse (something that it could have easily done because *its* citizenship was unclear). *See generally* Dkt. 20. Thus, it appears that Navient is a citizen of Pennsylvania, plaintiff is a citizen of Wisconsin, and the parties are completely diverse.

My March 4 order also directed the parties to address whether the amount in controversy exceeds $75,000. Plaintiff initially alleged that he was responsible for the entire consolidated debt of $100,000. Dkt. 1, at 2. But plaintiff also acknowledged that his share of the loans was $35,000. *Id.* Based on these allegations, I inferred that at the time that plaintiff filed this suit, the controversy was about whether he should be responsible for the remaining $65,000, which took the case below the jurisdictional threshold. *Cf. Heller v. Sallie Mae, Inc.*, No. 09-cv-0573, 2009 WL 1748727, at *1 (E.D. Cal. June 19, 2009) (diversity jurisdiction existed when the plaintiff disputed his responsibility for $81,000 at the time he filed suit).

After reviewing plaintiff's complaint with his responses to my order, I understand plaintiff to allege that he satisfies the amount in controversy requirement because he wants the *entire* debt cancelled; not just his share of it. *See, e.g.,* Dkt. 1, at 4 and Dkt. 22, at 2-3. Navient may be correct that plaintiff is not entitled to this relief, or that I do not have the power to cancel plaintiff's debt. But those are *merits*-based arguments. They do not affect whether plaintiff has properly invoked this court's diversity jurisdiction under 28 U.S.C.

§ 1332. Based on the allegations in the complaint and the parties' responses to my March 4 order, I conclude that plaintiff has alleged a basis from which I can exercise subject matter jurisdiction over this case. I will proceed to consider Navient's pending motion for judgment on the pleadings. Dkt. 10. This order does not preclude Navient from moving to dismiss this case for lack of subject matter jurisdiction if it is, in fact, a citizen of Wisconsin.

ORDER

IT IS ORDERED that plaintiff Timothy Schulenburg has properly alleged a basis from which the court can exercise subject matter jurisdiction over this case.

Entered April 8, 2016.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge