IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY JAMES SCHULENBURG,

                Plaintiff,

v.

NAVIENT,

                Defendant.

ORDER

15-cv-150-jdp

---

I held a telephonic status conference on June 29, 2016, to discuss several issues that have recently arisen in this case. Plaintiff Timothy Schulenburg appeared pro se, and defendant Navient appeared by counsel. At this point, I will direct the parties to participate in a mediation session with United States Magistrate Judge Peter Oppeneer (who is also the Clerk of Court). I will also adjust the remaining deadlines in this case and reschedule the trial. The new schedule will be as follows:

- By July 8, 2016, plaintiff must submit a notice that briefly articulates the legal theory or theories that he is pursing in this case.

- By July 8, 2016, plaintiff must file his brief in opposition to Navient's most recent motion for judgment on the pleadings. Dkt. 34. Navient will not file a reply unless I ask for one.

- By July 8, 2016, both parties will submit pretrail materials, including motions in limine, exhibit lists, witness lists, proposed jury instructions, proposed voir dire questions, and proposed special verdict forms. Navient does not need to resubmit these materials unless it has updated versions.

- By July 15, 2016, both parties must submit their responses, if any, to the other side's pretrial materials.

- On August 15, 2016, at 3:00 p.m., I will hold a Final Pretrial Conference.

- On August 22, 2016, at 9:00 a.m., the trial will begin.

During the telephonic status conference, I asked the parties whether they were still interested in a jury trial instead of a court trial (i.e., a trial in which there would be no jury, and I would serve as the fact-finder). Navient indicated that it was interested in a court trial, and I directed the parties to confer on the issue. Plaintiff has the right to insist on a jury trial, and he will receive one if that is his wish. But if the parties agree to a court trial, then they should submit a joint notice to that effect.

As for the notice that plaintiff must submit to articulate his legal theory of the case, Navient is entitled to know the acts, omissions, or decisions that plaintiff contends were unlawful. Up until now, I have interpreted plaintiff's complaint as alleging a breach of contract claim. But plaintiff's statements during the status conference suggest that he may be seeking a declaration that his contract with Navient is invalid because it was unconscionable. Under Wisconsin law, a contract provision is unenforceable if it is both procedurally and substantively unconscionable. *Wis. Auto Title Loans, Inc. v. Jones*, 2006 WI 53, ¶ 29, 290 Wis. 2d 514, 714 N.W.2d 155. "Determining whether procedural unconscionability exists requires examining factors that bear upon the formation of the contract, that is, whether there was a real and voluntary meeting of the minds of the contracting parties." *Id.* ¶ 34 (citations and internal quotation marks omitted). "Substantive unconscionability addresses the fairness and reasonableness of the contract provision," which is a fact-intensive inquiry. *Id.* ¶ 35.

Plaintiff is free to pursue whatever legal claims he believes fit the facts of the case. His notice does not need to rehash the hardships that he has endured or provide background information about his situation. However, plaintiff must give Navient adequate notice of his claims by indicating what specifically Navient did (or did not do) that was unlawful.

ORDER

IT IS ORDERED that:

1. The schedule for the rest of this case is modified, as indicated above.

2. The parties are directed to participate in a mediation session with United States Magistrate Judge Peter Oppeneer.

Entered June 30, 2016.

                                       BY THE COURT:
                                       /s/
                                       _____
                                       JAMES D. PETERSON
                                       District Judge