IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY JAMES SCHULENBURG,

                              Plaintiff,

   v.                                                                                              ORDER

NAVIENT,                                                                 15-cv-150-jdp

                              Defendant.

---

      Pro se plaintiff Timothy Schulenburg alleges that defendant Navient has wrongfully refused to separate his consolidated spousal loan. Dkt. 1. Plaintiff asks me to order Navient to split the loan into two loans or, in the alternative, to discharge the loan entirely. This case has a complicated procedural history, which I have already discussed in prior orders and will not rehash here.

      At a final pretrial conference on August 15, 2016, I explained that plaintiff would need to join his ex-wife as a required defendant in this case because the relief that he seeks will directly affect her rights and responsibilities under the consolidated loan. But upon further consideration, I conclude that joining plaintiff's ex-wife will deprive this court of subject matter jurisdiction. Because "equity and good conscience" would not allow the case to continue without plaintiff's ex-wife, I will dismiss it without prejudice. Fed. R. Civ. P. 19(b).

      Here is why. Federal Rule of Civil Procedure 19 governs joinder of required parties. "The purpose of Rule 19 . . . is 'to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources.'" *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001) (quoting *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990)). Plaintiff's ex-wife is a required party because she

has an interest in the subject matter of this action—the consolidated loan—and disposing of this action may "as a practical matter impair or impede [her] ability to protect [her] interest[.]" Fed. R. Civ. P. 19(a)(1)(B)(i); *see also U.S. ex rel. Hall v. Tribal Dev. Corp.*, 100 F.3d 476, 479 (7th Cir. 1996) ("A judicial declaration as to the validity of a contract necessarily affects, 'as a practical matter,' the interests of both parties to the contract."). If plaintiff gets what he wants, his ex-wife will be stuck with sole responsibility for at least part of the loan, and perhaps all of it.

Unfortunately, this creates a problem: plaintiff cannot join his ex-wife because her joinder—although required—would destroy this court's subject matter jurisdiction over plaintiff's claims. Plaintiff's claims in this case arise under state law. But I have jurisdiction over state law disputes only if the opposing parties are citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Wisconsin. And based on publicly available information, plaintiff's ex-wife appears to be a citizen of Wisconsin as well.[1] Because plaintiff and his ex-wife are both citizens of Wisconsin, I do not have jurisdiction over the dispute between them.

Rule 19(b) tells me how to proceed when I determine that it is not possible to join a required party. Specifically, I "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). When determining whether the case should proceed without a required party, courts consider several factors, on a case-by-case basis: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to

---

[1] Plaintiff and his ex-wife filed for divorce in the Wisconsin Circuit Court for Sauk County, case number 2011FA000170. Plaintiff's ex-wife appeared as recently as February 2016, and the address that she gave the state court is in Nekoosa, Wisconsin.

which any prejudice could be lessened or avoided by protective provisions in the judgment, shaping the relief, or other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

During the final pretrial conference, I discussed the first factor and the potential prejudice that plaintiff's ex-wife would suffer if this case proceeded without her. This prejudice is considerable: a judgment in plaintiff's favor would impose significant financial obligations on his ex-wife. Basic fairness requires giving her an opportunity to participate in a case that could affect these obligations. This factor weighs in favor of dismissing the case.

The second factor also weighs in favor of dismissing the case. "The second factor requires the court to consider whether it could shape its ultimate ruling so as to mitigate its effect on the absent party." *Burger King Corp. v. Am. Nat. Bank & Trust Co. of Chi.*, 119 F.R.D. 672, 680 (N.D. Ill. 1988). I cannot conceive of a way to shape the judgment in this case in a way that protects plaintiff's ex-wife from potential prejudice. Plaintiff's request for relief reveals that this case is essentially a zero-sum game: if he prevails on his fraud allegations and I determine that he is not responsible for the entire consolidated loan, then plaintiff's wife incurs additional obligations. In fact, *any* judgment in this case will be a judgment concerning the nature of the consolidated loan, to which plaintiff's ex-wife is a party. There is no way around that fact.

The third factor weighs in favor of continuing this action without joining plaintiff's ex-wife. Her absence does not affect my ability to enter a judgment that will address plaintiff's injuries. But even though this factor weighs in favor of continuing the case, the other factors weigh strongly in favor of dismissal.

The fourth factor is particularly important here: whether plaintiff will have an adequate remedy elsewhere. "A critical consideration under Rule 19(b) is the availability or unavailability of an alternative forum." *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 500 (7th Cir. 1980). As I discussed at the final pretrial conference, plaintiff's fundamental complaint is with his ex-wife, who has refused to pay her share of their consolidated student debt. Plaintiff can pursue a claim against his ex-wife—and against Navient, too—in state court. This final factor weighs in favor of dismissing the case.

Pursuant to Rule 19, I will dismiss this case because it would not be equitable to proceed without joining plaintiff's ex-wife. If plaintiff's ex-wife is *not* a citizen of Wisconsin, or if the parties disagree that Rule 19 requires dismissing this case, then they may file a motion for reconsideration.

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice, pursuant to Federal Rule of Civil Procedure 19.

2. Defendant Navient's pending motion for judgment on the pleadings, Dkt. 34, is DENIED as moot.

3. The clerk of court is directed to close this case.

Entered August 16, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge